IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD JEREMY HOWELL,

      Plaintiff,

v.                                      Case No.  1:16-cv-12-MP-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 9.  The Commissioner contends that the complaint filed in this Court for review of the Commissioner's decision denying benefits is untimely and should be dismissed.  Plaintiff has filed a response in opposition, ECF No. 12, and the motion is now ripe for review.  For the following reasons, the undersigned recommends that the motion to dismiss be granted.

The following material events are not in dispute.  The Office of Disability Adjudication and Review mailed the Notice of Unfavorable Decision on April 25, 2014 to the Plaintiff at his address in Old Town,

Florida with a copy to Bradford D. Myler, counsel for Plaintiff.[1]  The Office of Disability Review mailed the Notice of Appeals Council Action to Plaintiff and Plaintiff's former counsel on November 5, 2015.[2]  Plaintiff filed his Complaint in this Court on January 19, 2016, seventy-five days after the date the Notice of Appeals Council Action was mailed.

## DISCUSSION

It is well settled that the United States, as sovereign,"is immune from suit save as it consents to be sued... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[3] Congress has provided that judicial review of final decisions on claims arising under Title II or Title XVI of the *Social Security Act* is provided for and limited by sections 205(g) and (h).[4] The relevant section of 205(g) provides: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

---

[1] ECF No. 21-1.

[2] ECF No. 12-2.

[3] Roberts v. Shalala, 848 F.Supp. 1008, 1010 (M.D. Ga. 1994) *quoting* United States v. Testan, 424 U.S. 392, 96 (1976).

[4] 42 U.S.C. 405(g) and (h).

civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The Social Security Administration's regulations reiterate and explain the application of the sixty day limitation period created by Congress. In cases such as this, where the Appeals Council has denied a request for review of an ALJ's decision, a civil action seeking judicial review of that decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision . . . is received by the individual . . . ."[5] The regulations provide that the date of receipt of the Appeals Council's notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[6]

The United States Supreme Court has instructed that the sixty day limitation period provided by 42 U.S.C. § 405(g) "is not jurisdictional, but rather constitutes a period of limitations."[7] The temporal limitation

---

[5] 20 C.F.R. § 422.210(c) (2005).

[6] *Id.*

[7] Bowen v. City of New York, 476 U.S. 467, 480 (1986). The Eleventh Circuit recognized this fact earlier in Stone v. Heckler, 778 F. 2d 645, 649, n. 7 (11th Cir. 1985).

embodied in the statute "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," and must be strictly construed as it is a condition on which the United States agreed to waive its sovereign immunity.[8]

The burden to rebut the presumption of receipt of the Appeals Council decision falls squarely with the Plaintiff, who must make a "reasonable showing to the contrary."[9] Plaintiff has failed to do so in this case for two primary reasons. First, Plaintiff fails to establish that he received notice of the action of the Appeals Council within sixty days of filing suit. Secondly, even if Plaintiff had established that he received notice of the action of the Appeals Council within sixty days of filing suit, he has failed to rebut the presumption that his attorney, who represented him before the Social Security Administration, also did not receive notice of the action of the Appeals Council within five days of the date the notice was mailed to him.

Turning first to the issue of Plaintiff's receipt of the Notice of Appeals Council Action, Plaintiff's argument (without any evidence or even an

---

[8] Nodarse v. Barnhart, 319 F. Supp. 2d 1333, 1342 (S.D. Fla. 2004) *Citing Bowen*.

[9] 20 C.F.R. § 422.210(c).

affidavit) is notable for what he does not state rather than for what he says. Plaintiff has not provided any affidavit (even though the Court granted Plaintiff an extension of time to file an affidavit) or other evidence showing when he received the notice of appeals council action. Instead, Plaintiff says the Notice of Appeals Council Action was mailed to his former address on November 5, 2015 and on that same date the Notice of Appeals Council Action was sent to his counsel Bradford Meyler in Utah. Plaintiff then says that on November 24, 2015 his attorney, Bradford Meyler, sent a letter to him and enclosed the Notice of Appeals Council Action. Plaintiff concludes that the 60 day time period for filing a complaint was not triggered until November 24, 2015. Plaintiff does not provide the date he received the letter from his attorney nor does he provide any information as to the date he retained counsel of record in this case. The Court is left to guess as to whether Plaintiff retained counsel and authorized the filing of the complaint in November or December 2015 or January 16, 2016. Notably, there is no affidavit or other proof that the Notice was sent to an address that was Plaintiff's former address or that Plaintiff was homeless at the time.

The shortcomings in Plaintiff's argument are substantive flaws and

not merely technical deficiencies in his proof. In order to rebut the presumption that the notice is presumed to have been received within five days of mailing the Plaintiff is required to do more than merely assert that he did not receive the notice within five days by presenting some affirmative evidence of the date of actual receipt.[10] Courts that have addressed this type of shortcoming in proof have concluded that the presumption has not been rebutted.

For example, in *Rouse v. Harris*[11] the Court addressed the sufficiency of an affidavit filed by a Social Security claimant in an effort to rebut the presumption that notice of the action of the Commissioner was not received within five days of the date of mailing. There the claimant stated that she never received the first notice from the Commissioner, and her attorney, as well, stated that he never received the second notice from the Commissioner until two weeks after it was mailed. The court in *Rouse* concluded that these statements were insufficient to rebut the presumption because such statements "[c]annot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive

---

[10] <u>Marte v. Apfel</u>, 1998 WL 292358 *2 (S.D. N.Y. 1998).

[11] 482 F.Supp. 766, 788-69 (D. N.J. 1980)

6

the Secretary's notice within five days of the date of mailing."[12] The Court

went on to reason that the simple statement from a claimant that she did

not receive the notice is insufficient because "[O]therwise, this court would

be creating an exception to the Act by which a tardy claimant could avoid

the jurisdictional requirements by merely asserting a late delivery of the

notice of the Secretary's decision."

Moreover, other courts have gone further and concluded that even

where the claimant states a date certain for receipt, an affidavit simply

stating the date of actual receipt without further elaboration is insufficient to

rebut the presumption that the notice was received within five days of

mailing.[13]

Here, the declaration of Roxie Rasey Nicoll, the Chief of Court Case

Preparation and Review Branch III of the Office of Appellate Operations,

Office of Disability Adjudication and Review, states that "On November 5,

2015, the Appeals Council sent, by mail addressed to the plaintiff at 510

SE 136th Ave., Old Town, FL. 32680, with a copy to the representative,

---

[12] *Id.* at 769.

[13] *See,* McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Leslie v. Bowen, 695 F.Supp. 504, 506 (D. Kan. 1988)("[T]he rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary.").

notice of its action on plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt."[14] Other than the representations in the motion Plaintiff has failed to offer any proof concerning the circumstances surrounding the actual receipt of the notice and has failed even to provide a concrete statement that he did not receive this notice.  Accordingly, the Court concludes that Plaintiff has failed to meet his burden of making a reasonable showing to rebut the presumption that notice was received within five days of mailing and has failed to establish that the complaint in this case was filed within sixty days of receipt of the Notice of Appeals Council Action.

Independent of Plaintiff's failure to rebut the presumption as it applies to his receipt of the Notice of Appeals Council Action, there is an even more critical flaw in Plaintiff's proof. Plaintiff's response is silent as to the date the attorney who represented him at the administrative level received the notice and, if so, whether this lawsuit was filed within sixty days of his attorney's actual receipt of the notice from the Appeals Council. There is no disputed issue of fact in the record in this case that the Notice of Appeals Council Action was sent to Plaintiff's attorney. The Notice of

---

[14] ECF No. 9-1, ¶(3)(a).

Appeals Council Action, dated November 5, 2015 ( a copy of which was filed by the Commissioner) evidences that Plaintiff's counsel in the administrative proceedings was sent a copy at his address in Utah. The Declaration of Roxie Rasey Nicoll confirms that the notice was sent to Plaintiff's counsel in the administrative proceedings on November 5, 2015. And in Plaintiff's response to the motion to dismiss Plaintiff says that his counsel sent him a copy of the Notice of Appeals Council Action. Plaintiff has offered no evidence to counter this proof.

The failure to rebut the presumption that the notice was sent to and received by Plaintiff's Social Security attorney is fatal to Plaintiff's position because in cases, as here, where a Social Security claimant has designated a representative the sixty day time period for filing an action in federal court is triggered by receipt of the notice of the action of the Appeals Council either by the claimant or by the claimant's designated attorney, whichever occurs first.[15]  The rule that the sixty time period for filing an action in federal court is triggered by the earlier date of receipt by

_____

[15] Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003); Roberts v. Shalala, 848 F. Supp. 1008 (M.D. Ga.1994)(holding that in cases where a representative has been designated by a claimant, the court would begin the sixty day period for filing an appeal from the date of notification of the representative, whether it be the presumed date of notification or the actual date established by reasonable evidence).

9

the claimant or claimant's counsel is consistent with the Social Security regulations, which provide that notice to a claimant's representative has "the same force and effect" as if it had been sent to Plaintiff.[16]

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, Or In the Alternative, Motion for Summary Judgment, ECF No. 9, should be **GRANTED**.

**IN CHAMBERS**, at Gainesville, Florida, this 2nd  day of August  2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[16] 20 C.F.R. § 404.1715.